UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA TAYLOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:18-CV-456-PPS-MGG |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

OPINION AND ORDER

Joshua Taylor, a prisoner without a lawyer, filed a petition pursuant to 28 U.S.C. § 2254 challenging his prison disciplinary case MCF 17-11-125. The Warden has filed a motion to dismiss Taylor's petition. ECF 7. Taylor did not respond to the motion and the time to do so has passed.

On December 5, 2017, a Disciplinary Hearing Officer (DHO) found Taylor guilty of threatening in violation of offense B-213. ECF 7-1 at 1. As a result, the DHO imposed two grievous sanctions—the loss of 30 days earned credit time and a one-step demotion in credit class. *Id*. However, both grievous sanctions were suspended and never imposed. *Id*. Because the six-month period for imposing the suspended sanctions has now passed, those sanctions can no longer be enforced. ECF 7-2 at 2. The Warden has moved to dismiss Taylor's petition on the basis that he did not suffer any grievous loss which would impact the length of his sentence; therefore, this case is moot. ECF 7 at 1-2.

A prison disciplinary hearing can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Because this disciplinary action did not result in the lengthening of the duration of Taylor's confinement, habeas corpus relief is not available. Therefore, the court will deny Taylor's petition because there is no relief he can obtain in this habeas corpus proceeding.

For these reasons, the Warden's motion to dismiss (ECF 7) is GRANTED and Taylor's petition (ECF 1) is DENIED. The Clerk is directed to CLOSE the case.

SO ORDERED on December 27, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT